UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

IN RE:
MICHAEL WAYNE CRAWFORD AKA MICHAEL W.
CRAWFORD
    Debtor(s)

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION or present noteholder, <br>     Movant/Secured Creditor, <br> v. <br> MICHAEL WAYNE CRAWFORD AKA MICHAEL W. CRAWFORD <br>     Debtor(s) <br>     Respondents | BCN#: 10-13604/RGM <br> Chapter: 11 <br><br> CONSENT ORDER |

    This matter was before the court on December 13, 2011, on the motion of JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, for relief from the automatic stay with respect to the real property located at 3707 MASTHEAD TRAIL, Triangle, VA 22172 and more particularly described as follows:

> LOT 186C, SECTION 3, PORT-O-DUMFRIES, AS THE SAME IS SHOWN ON A PLAT ATTACHED TO DEED OF RESUBDIVISION RECORDED IN DEED BOOK 1413 AT PAGE 1448, AMONG THE LAND RECORDS OF PRINCE WILLIAM COUNTY, VIRGINIA.

Upon consideration of which, it is **ORDERED:**

    1. That the loan amount of the deed of trust will be adjusted from its current unpaid principal balance of approximately $173,829.08 to a new balance of $102,500.00;

    2. That the terms of the loan will be modified from a fixed rate mortgage with a current interest rate of 6.148%, a principal and interest payment of $1,104.49, a contractual due date of December 1, 2008 and a maturity date of February 1, 2035 to a fixed rate loan of 5.5% with

Trenita Jackson-Stewart, VSB# 48412
Shapiro & Burson, LLP
236 Clearfield Avenue, Suite 215
Virginia Beach, VA 23462
757-687-8777    09-152754V

principal and interest payments of $650.62, effective on January 1, 2012 to the deed of trust's new maturity date of April 1, 2035.

3. Should the Debtor(s) default for a period of thirty days in making future monthly post-petition payments, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

   a. That the debtor is in default in making at least one payment required under this order;
   b. The date and amount of each payment missed and any late charge or other fees necessary to cure default;
   c. The action necessary to cure the default, including any address to which payments must be mailed;
   d. That the debtor must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
      i. Cure the default
      ii. File an objection with the court stating that no default exists; or
      iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
   e. That if the debtor does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and;
   f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that the debtor has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, and the debtor's counsel. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order in paragraph number three with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the

default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the note holder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

Date: _____              By the Court:

                                      _____
                                      Honorable Robert G. Mayer
                                      UNITED STATES BANKRUPTCY JUDGE

                                      Notice of Judgment or
                                      Order Entered on Docket: _____

I ask for this:

/S/ TRENITA JACKSON-STEWART

_____
TRENITA JACKSON-STEWART, Counsel for Movant

Seen; Agreed:

/S/ R.A. HURLEY with expressed permission

_____
R.A. HURLEY, Counsel for Debtor
RAYMOND PRING, JR., Counsel for Debtor

I certify that this proposed Order has been endorsed by all necessary parties.

/S/ TRENITA JACKSON-STEWART

_____
TRENITA JACKSON-STEWART, Counsel for Movant

Copies of this order are to be sent to:

MICHAEL WAYNE CRAWFORD
13171 QUADE LANE
WOODBRIDGE, VA 22193

R.A. HURLEY
RAYMOND PRING, JR.
9431 MAIN STREET
MANASSAS, VA 20110

20 LARGEST UNSECURED
CREDITORS

09-152754V

**CERTIFICATION**

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made except to paragraph number 4 and to add the loan modification terms.

/S/ TRENITA JACKSON-STEWART

_____
TRENITA JACKSON-STEWART, Attorney for Movant