UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In Re:  Michael Wayne Crawford                      Case No. 10-13604-RGM
                                                    Chapter 11

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
JPMorgan Mortgage Acquisition Corp,
Movant (Marix Servicing, Servicer)

vs.

Michael Wayne Crawford, Debtor
Felicia Keene-Crawford, Non-Filing
Co-Debtor
                  Respondents

**CONSENT ORDER AND STIPULATION MODIFYING AUTOMATIC STAY
AND CO-DEBTOR STAY**

This matter is scheduled to be heard before the court on May 16, 2012, on the Motion of JPMorgan Mortgage Acquisition Corp, Movant (Marix Servicing, Servicer), by its attorney, Abby K. Moynihan, Esq., for relief from the automatic stay with respect to the property secured by the Deed of Trust dated July 19, 2007, and recorded among the land records of County of Prince William, Virginia, and which encumbers the property of the Debtor and Non-Filing Co-Debtor at 12625 Dulcinea Place, Woodbridge, Virginia  22192 (the "Property"), and more particularly described as follows:

> *Lot 55, Section 10, Phase 2-A, LAKE RIDGE, as the same appears duly dedicated, platted and recorded in Deed Book 619, page 176, among the land records of Prince William County, Virginia.*

Upon consideration of which, it is

**ORDERED:**

1.    The Debtor will make adequate protection payments in the total amount of $740.17 per month with the first payment beginning June 1, 2012, and continuing on the first day of each month thereafter until the payments begin under the properly confirmed Chapter 11 Plan with the Property having an agreed value of $155,000.00.

2.    The Debtor is also ORDERED to make all escrow, tax payments and HOA payments (if applicable) due during the adequate protection period and provide proof to Movant of the current

1

status of both HOA and tax payments within 5 days of the entry of this order, and subsequently provide monthly proof of HOA payments and bi-annual proof of all tax payments as they may accrue. Failure to meet these requirements will constitute a default under the terms of this order.

3.  In the event that any payment required by this order is not received by the Movant within 15 days after it is due, the Movant may mail a notice of default to the debtor by first class mail, post prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel by first class mail, post prepaid, or by email at the same time as the notice of default is mailed to the debtor.  The notice of default will state in simple and plain language:

   a. That the debtor is in default in making at least one payment required under this order;
   b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
   c. The action necessary to cure the default, including any address to which payments must be mailed;
   d. That the debtor must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
      i. Cure the default;
      ii. File an objection with the court stating that no default exists; or
      iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
   e. That if the debtor does not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this order, and that the court may grant relief from the automatic stay without further notice to the debtor; and
   f. That if the automatic stay is terminated, the Movant may pursue any rights under the applicable Deed of Trust which may include foreclosure.

If the Debtor does not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the Debtor files an objection, the Movant must set the matter for hearing and give notice of the hearing to the debtor and debtor's counsel.  At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4.  The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order.  In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5.  Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the debtor, even if such payment is not in the amount

specified in Paragraph 1. Acceptance by the Movant of a payment in an amount other than that identified in Paragraph 1 is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the Note holder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorney's fees in the amount of $50.00 for issuance of a notice of default, and an additional $50.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

8. References to the Debtor herein, including requirements of actions and notice, shall also apply to any trustee subsequently appointed in this bankruptcy case.

DONE at Alexandria, Virginia, Dated:_____

_____
Judge, U.S. Bankruptcy Court
Eastern District of Virginia

Entered on:_____

SEEN AND CONSENTED TO:

/s/ Abby K. Moynihan, Esq.
Abby K. Moynihan, Esq.
312 Marshall Avenue
Laurel, MD 20707
VSB #79686
301.490.1196
*Attorney for Movant*

**X /s/ R. A. Hurley**          (by Abby K. Moynihan, Esq. with permission from R.A.
**R. A. Hurley, Esq.**           Hurley, Esq. based on EMAIL)
9431 Main Street
Manassas, VA 20110
Bar 78616
703 361-7717                     X__/s/ Abby K. Moynihan_____
*Attorney for Debtor*

Local Rule 9022-1(C) Certification

3

  The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

                 /s/ Abby K. Moynihan, Esq.

### Certification

  The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is in substantial compliance to the form order required by the Administrative Order and that no modifications, additions, or deletions have been made.

                 /s/ Abby K. Moynihan, Esq.

**PARTIES TO RECEIVE COPIES**

Michael Wayne Crawford
13171 Quade Lane
Woodbridge, Virginia  22193

Felicia Keene-Crawford
13171 Quade Lane
Woodbridge, Virginia  22193

Copies were sent electronically via the CM/ECF system to Raymond Pring, Jr., Esq., Abby K. Moynihan, Esq., and W. Clarkson McDow, Jr., Esq., Trustee. Upon entry of the forgoing order, copies shall be mailed to the 20 Largest Unsecured Creditors.

                 /s/ Abby K. Moynihan, Esq.

**End of Order**