**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MICHAEL WAYNE CRAWFORD ) | Case No. 10-13604-RGM |
| ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**ORDER CONFIRMING DEBTOR'S**
**SECOND AMENDED PLAN OF REORGANIZATION**

THIS MATTER CAME ON for hearing on January 8, 2013 (the "Confirmation Hearing"), on confirmation of the Debtor's Second Amended Plan of Reorganization Dated July 12, 2012 (the "Plan") filed by Michael Wayne Crawford (the "Debtor"), under chapter 11 of the Bankruptcy Code; and

HAVING CONSIDERED the Plan, any objections and responses filed in connection therewith, all evidence presented or proffered, and statements of the Debtor and parties in interest directly or by counsel; and

IT HAVING BEEN DETERMINED THAT:

i. The Plan, Ballots and Disclosure Statement Order (defined below) were properly mailed by first class mail, postage prepaid to all creditors and parties in interest in accordance with the Order Approving Disclosure Statement on August 20, 2012;

ii. The Debtor filed a Summary of Ballots ("Voting Certification");

iii. No objections to the Plan were filed;

iv. The Plan has been accepted by creditors whose acceptance is required by law;

Raymond R. Pring, Jr., Va. Bar No. 39104
The Law Office of Raymond R. Pring, Jr.
9161 Liberia Avenue, Suite 100
Manassas, Virginia 20110
(703) 366-3920
*Counsel to Michael Wayne Crawford*

    v.      The provisions of Chapter 11 of the Bankruptcy Code have been complied with;

    vi.      The Plan has been proposed in good faith and not by means forbidden by law;

    vii.      Each holder of a Claim has accepted the Plan, or will receive or retain under the Plan property of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date;

    viii.      The Plan is fair and equitable to all Classes of Claims that rejected the Plan or did not vote on the Plan;

    ix.      The Plan complies with all of the requirements of 11 U.S.C. § 1129; and

    x.      Pursuant to Section 1123(b)(3)(A) of the Bankruptcy Code and Fed. R. Bankr. P. 9019(a), any settlements, compromises, releases, and injunctions set forth in the Plan, and implemented by this Confirmation Order, are hereby approved as fair, equitable, reasonable and in the best interests of the Debtor and its estate, creditors and equity interest holders.

ACCORDINGLY, it is therefore:

ORDERED that the Plan, as may be modified herein, is <u>Confirmed</u>; and it is further

ORDERED that all outstanding objections to the Plan are overruled; and it is further

ORDERED that the Debtor is authorized and directed to take all actions necessary or appropriate to implement the Plan; and it is further

ORDERED that subject to the occurrence of the Effective Date, the rejection of the executory contracts and unexpired leases of the Debtor as may be set forth in the Plan, if any, shall be, and hereby are, approved in all respects under Section 365(a) of the Bankruptcy Code; and it is further

ORDERED that all liens avoided or released under the Plan, including those identified in Class 2 and Class 3 under the Plan, are hereby avoided and this Order is without prejudice to the Debtor commencing such additional matters or adversary proceedings before this Court as deemed advisable by the Debtor, in his discretion, with respect to implementing the Plan; and it is further

ORDERED that Article IV, Section 4.01 of the Plan shall be amended as necessary to provide for the following "**Treatment**" of the allowed Class 1a Secured Claim of JP Morgan Chase Bank, N.A. ("JP Morgan"):

> Class 1a is impaired by this Plan, and each holder of an allowed Class 1a Secured Claim will be paid in full, in cash. The allowed value of the secured claim will be $102,500.00, and the Debtor began making monthly payments on January 1, 2012. The Allowed Secured Claim of $102,500.00 will be amortized over 30 years at the fixed interest rate of 5.5%, resulting in a monthly Principal and Interest payment of $650.62, beginning January 1, 2012. The Allowed Secured Claim will mature after 360 months after the first payment is due, unless sooner paid, and the entire remaining Allowed Secured Claim, if any, shall be due. In addition to the regular monthly Principal and Interest payment set forth above, for the first sixty (60) months beginning on January 1, 2013, the Debtor shall remit monthly the sum of $71.21 in order to reimburse J.P. Morgan for the taxes and insurance advanced by J.P. Morgan during the pendency of this bankruptcy case. The Class 1a claimant will retain its lien on its collateral. The treatment provided to this Class under the Plan shall be in full and final satisfaction of all Claims asserted by the Claimholders included within this Class. The Debtor shall be entitled to pre-pay any Allowed Class 1a Claims at the Debtor's discretion.

and it is further

ORDERED that Article IV, Section 4.01 of the Plan shall be amended as necessary to provide for the following "**Treatment**" of the allowed Class 2 Secured Claim of JP Morgan:

> Class 2 is impaired by this Plan, and each holder of an allowed Class 1a Secured Claim will be paid in full, in cash. The allowed value of the secured claim will be $157,000.00, and the Debtor began making monthly payments on January 1, 2012. The Allowed Secured Claim of $157,000.00 will be amortized over 30 years at the fixed interest rate of 5.5%, resulting in a monthly Principal and Interest payment of $841.15, beginning January 1, 2012. The Allowed Secured Claim will mature after 360 months after the first payment is due, unless sooner paid, and the entire remaining Allowed Secured Claim, if any, shall be due. In addition to the regular

monthly Principal and Interest payment set forth above, for the first sixty (60) months beginning on January 1, 2013, the Debtor shall remit monthly the sum of $89.27 in order to reimburse J.P. Morgan for the taxes and insurance advanced by J.P. Morgan during the pendency of this bankruptcy case. The Class 2 claimant will retain its lien on its collateral. The treatment provided to this Class under the Plan shall be in full and final satisfaction of all Claims asserted by the Claimholders included within this Class. The Debtor shall be entitled to pre-pay any Allowed Class 2 Claims at the Debtor's discretion.

and it is further

ORDERED that Article IV, Section 4.01 of the Plan shall be amended as necessary to provide for the following "**Treatment**" of the allowed Class 5a Secured Claim of JP Morgan:

Class 5a is impaired by this Plan, and each holder of an allowed Class 5a Secured Claim will be paid in full, in cash. Debtor will begin making monthly payments on February 1, 2013, in the amount of $2,376.20, with an Allowed Secured Claim of $418,500.00. The Allowed Secured Claim will be amortized over 30 years at the fixed interest rate of 5.5%. The Secured Claim will mature after 360 months after the first payment is due, unless sooner paid, and the entire remaining Secured Claim, if any, shall be due. The full terms of the treatment of J.P. Morgan's Class 5a claim is set forth in **Exhibit A** attached to the Plan, except as amended herein with respect to the payment start date, and those terms are incorporated herein as if fully restated herein. The Class 5a claimant will retain its lien on its collateral up to the amount of its Allowed Secured Claim. The treatment provided to this Class under the Plan shall be in full and final satisfaction of all Claims asserted by the Claimholders included within this Class. The Debtor shall be entitled to pre-pay any Allowed Class 5a Claims at the Debtor's discretion

and it is further

ORDERED that Article IV, Section 4.01 of the Plan shall be amended as necessary to provide for the following "Treatment" of the allowed Class 1a, Class 2 and Class 5a Secured Claims of JP Morgan:

In the event that any payment required by this order is not received by JP Morgan within 15 days after it is due, JP Morgan may mail a notice of default to the Debtor by first class mail, post prepaid, (and, if it desires, also by certified or registered mail) with a copy to Debtor's counsel by first class mail, post prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

a. That the Debtor is in default in making at least one payment required under this

      order;

b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;

c. The action necessary to cure the default, including any address to which payments must be mailed;

d. That the Debtor must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
   i. Cure the default;
   ii. File an objection with the court stating that no default exists; or
   iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

e. That if the Debtor does not take one of the actions set forth in paragraph 3(d), JP Morgan may file a certificate that it has complied with the terms of this provision, and that the court may grant relief from the automatic stay without further notice to the Debtor; and

f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

    If the Debtor or trustee does not take one of the actions set forth in paragraph 3(d), JP Morgan may submit a certificate stating that it has complied with the terms of this order and that the Debtor has not taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay. If the Debtor files an objection, JP Morgan must set the matter for hearing and give notice of the hearing to the Debtor and Debtor's counsel. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances. The foregoing provisions with respect to regular monthly installment payments expire one year after the date of the entry of this order confirming the Plan. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of the confirmation order, the JP Morgan must comply with Plan default provisions or pursue permissible state law remedies.

    ORDERED that except as specifically amended herein, the existing Plan Article IV, Section 4.01, shall remain in full force and effect; and it is further

    ORDERED that on or before the Effective Date the Debtor shall pay all fees payable pursuant to 28 U.S.C. § 1930 and file all outstanding monthly operating reports, and after the Effective Date, the Debtor shall continue to pay such fees until a final decree is entered in this chapter 11 case; and it is further

    ORDERED that this Court shall retain jurisdiction, to the maximum extent permitted by the Plan, the Bankruptcy Code and other applicable law, notwithstanding the prior closure of the Debtor's chapter 11 case, as to all matters arising out of and related to the Debtor's chapter 11

case, and entry of this Order is without prejudice to the Debtor seeking entry of an Order in aid of confirmation; and it is further

ORDERED that no later than ten (10) business days after entry of this Confirmation Order, the Debtor is directed to serve a copy of this Confirmation Order upon each party that has filed a notice of appearance in this chapter 11 case, and on each party, if any, that filed an objection to the Debtor's Plan.

Date: _____

                                            _____
                                            Robert G. Mayer
                                            United States Bankruptcy Judge
                                            Entered on Docket: _____

**PREPARED BY:**

The Law Office of Raymond R. Pring, Jr.
9161 Liberia Avenue, Suite 100
Manassas, Virginia 20110
(703) 366-3920

By:     /s/ Raymond R. Pring, Jr._____
         Raymond R. Pring, Jr., Va. Bar No. 39104

         *Counsel to Michael Wayne Crawford*


**SEEN AND AGREED:**

Shapiro Brown & Alt, LLP
236 Clearfield Ave., Suite 215
Virginia Beach, VA  23462
(757) 687-1665


By:   /s/ Christine S. Patterson_____
        Christine S. Patterson, Va. Bar No. 82957
        Greg Britto, Va. Bar No.

        *Counsel to JP Morgan Chase Bank, N.A.*

## *CERTIFICATION UNDER LOCAL RULE*

Pursuant to Local Rules, I hereby certify that this Order has been executed by all necessary parties.

                                                    /s/ Raymond R. Pring, Jr.
                                                      Raymond R. Pring, Jr.