# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:

Michael Wayne Crawford,

Debtor.

Case No. 10-13604-RGM

Chapter 11

## U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE

Judy A. Robbins, the United States Trustee for Region 4, by counsel, moves this Court to convert this chapter 11 case to chapter 7, or in the alternative, dismiss the case.

### Summary of the Facts

This case was filed on May 3, 2010. Dkt. No. 1. On February 12, 2013 this Court entered an order confirming the Debtor's chapter 11 plan in this case. Dkt No. 233. The Debtor failed to file post-confirmation quarterly reports for an extended time period.

In February 2015, the U.S. Trustee filed a motion to dismiss or convert the case due to the Debtor's failure to file the post-confirmation reports. Dkt. No. 265. On April 14, 2015, the day the U.S. Trustee's motion was set to be heard, the Debtor filed three reports but others remained outstanding. Dkt. Nos. 274-76. The U.S. Trustee's motion was continued to May 12, 2015. Dkt. No. 277. That day, the Debtor filed seven additional reports. Dkt. Nos. 279-86. The U.S. Trustee's motion was then continued to June 23, 2015; then to July 28, 2015. Dkt. Nos. 287-88. The day before the July 28 hearing, the Debtor filed eight additional reports, which brought him current with his reporting requirements. Dkt. Nos. 292-300. Because the Debtor

Office of United States Trustee
Bradley D. Jones, Trial Attorney
115 South Union Street, Room 210
Alexandria, VA 22314
(703) 557-7228
bradley.d.jones@usdoj.gov                                                                Page 1 of 4

cured the basis for the filing of the U.S. Trustee's motion to dismiss or convert, the motion was withdrawn. Dkt. No. 301.

At this point, all that remained in the case was to file a final report and a motion for a final decree. But the Debtor did not take those steps. A post-confirmation quarterly report for the 3rd Quarter of 2015 is now due. On December 1, 2015, this Court held a status hearing on this case and required counsel for the Debtor and counsel for the United States Trustee to attend. Dkt. No. 303. The Debtor's counsel did not appear.

## Argument

Section 1112(b)(1) of the Bankruptcy Code provides that the Bankruptcy Court shall convert a case to chapter 7 or dismiss the case if cause is established.

Under § 1112(b)(4)(M) "cause" includes the "inability to effectuate substantial consummation of a confirmed plan." This case was confirmed nearly three years ago. The Debtor has consistently struggled to meet its basic reporting requirements or to take simple steps to bring this case to a close. This failure demonstrates that the Debtor is unable to consummate his confirmed plan.

Further, under § 1112(b)(4)(E) "cause" includes the "failure to comply with an order of the Court." On October 7, 2015, this Court entered an order requiring Debtor's counsel to appear at a December 1st status conference to update the Court and the U.S. Trustee regarding the progress of this case. Counsel's failure to appear at that conference constitutes a failure to comply with an order of the Court and hindered this Court's efforts to determine whether or not this case was progressing.

Finally, under § 1112(b)(4)(F) "cause" includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter." Federal Rule of Bankruptcy Procedure 2015(a)(5) requires debtors in a

chapter 11 case to file quarterly reports, disclosing their quarterly disbursements for any quarter in which they are required to pay fees under 28 U.S.C. § 1930. Here, the Debtor was required to file a quarterly disbursement report for the 3rd Quarter of 2015. But the Debtor has not done so. Thus, cause exists to convert or dismiss this case.

As the U.S. Trustee has established a *prima facie* case that causes exists to convert or dismiss this case, the burden shifts to the debtor to demonstrate that "unusual circumstances" exist to avoid the mandatory conversion or dismissal of his case. *See* 11 U.S.C. § 1112(b)(2); *In re Park,* 426 B.R. 811, 815 (Bankr. W.D. Va. 2010) (internal citations omitted)("The moving party bears the initial burden of establishing a *prima facie* case that cause exists to dismiss or convert. Once a *prima facie* case establishing cause is made, then the burden shifts to the objecting party to either: (a) demonstrate that unusual circumstances exist that would that make dismissal or conversion unfavorable to the creditors or estate; or (b) establish that a plan will be confirmed and that the act or omission that forms the basis for the aforementioned cause to dismiss or convert will be cured within a reasonable period of time."). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case is not in the best interest of the creditors of the estate.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order converting this case to a case under chapter 7 of the Bankruptcy Code or dismiss this case.

December 4, 2015                                JUDY A. ROBBINS
                                                U.S. TRUSTEE, REGION 4


                                                By:  */s/ Bradley D. Jones*
                                                     Bradley D. Jones (VSB No. 85095)
                                                     Trial Attorney
                                                     Office of United States Trustee
                                                     115 South Union Street, Suite 210
                                                     Alexandria, VA 22314
                                                     (703) 557-7228

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 4, 2015, a true copy of this response was served on the following persons by first class U.S. mail, or by notice of electronic filing:

| | |
|---|---|
| Michael Wayne Crawford | Raymond Pring, Jr. |
| 13171 Quade Lane | The Law Office of Raymond R. |
| Woodbridge, VA  22193 | Pring, Jr. |
| *Debtor* | 9161 Liberia Avenue, Suite 100 |
| | Manassas, VA  20110 |
| | *Debtor's Counsel* |

                                          */s/ Bradley Jones*
                                            Bradley Jones
                                            Trial Attorney